OPINION of the Court, by
Ch. J. Boyce.
This Was an action of covenant brought by the appellee, as executor of the covenantee, against the appellant, upon an agreement under seal, to convey a certain tract of land on or before a given day. The breach assigned, is, m the non-conveyance of the land to the covenantee or his heirs, without averring that the breach happened in the lifetime of the covenantee.
The only question which see tits of importance tobe decided m this case respects the right of the executor to sue upon this covenant.
Whether the right of action upon covenants of this sort belong to the heir, or to the executor or administrator, depends more upon positive institution, than upon principles of natural justice. For the rule oí decision, therefore, we must resort to authority, rather than to reason.
The distinction deducible from all the authorities which we have had an opportunity of examining seems to be, that where the breach of the covenant has taken place in the lifetime of the covenantee, the executor or administrator will have the right of action : but if the breach happen not till after his death, the right of action will belong to the heir. If the covenant be broken in the lifetime of the covenantee, he becomes entitled to damages for the breach; and these damages being merely personal, go to the executor or administrator, his personal representative. But if the time for the performance of the covenant do not elapse until after the death of the covenantee, the covenant can be performed to the heir only: and it would seem to follow, as an obvious consequence, that the heir, and not the *171 fxeculor, had a right to demand the performance, or a compensation for a breach ©f the covenant* A covenant to convey land, though it does not create a legal estate in the land, transfers to the covenantee a legal right to demand such an estate ; and this right will descend to his heirs, and be recognised by courts of law, as well as of equity.
The distinction here taken seems to be fully supported by the following authorities : F. N. B. 341, and Dv. 217, there cited — -Went. Off. Ex. 63 — 2 Bac. Abr. 69, 70, and Vent. 173 — 2 Lev. 26 — Esp. N. P. 294-5, and the cases there cited.
As the right of th~ appellee to sue upon this covenant could only accrue by a breach in the lifetime of his testator, an averment to that effect is indispensably neces*, sarv, and the want of it a fatal defect in his title.
It is therefore considered by the court, that the judg* ment be reversed, and the cause remanded to the said circuit court, with directions that the plaintiff in that court, if he shall apply for that purpose, have leave to" amend his declaration, upon the payment of the costs which may have accrued in that court subsequently to filing the declaration. But if he shall not apply for leave to amend, that then judgment be entered for the defendant. Which is ordered to be certified, &c.